(8 App. Div. 315)

JAFFRAY et al. v. HUNTER.

(Supreme Court, Appellate Division, First Department.  July 31, 1896.)

PRACTICE IN CIVIL CASES—STAY PENDING ACTION IN ANOTHER STATE.

An action brought in New York will not be stayed on the ground that
the same matter is in litigation between the same parties in another state,
where it appears that the action was begun in such other state to fore-
stall the action in New York, and to compel plaintiffs, who were receivers
appointed by the courts of New York, to litigate in a foreign jurisdiction.

Appeal from special term, New York county.

Action by Howard S. Jaffray and others, as receivers of E. S.
Jaffray & Co., against Edward Hunter, on two promissory notes of
defendant, for $2,500 each, payable to plaintiffs.  From an order
denying a motion to stay proceedings until the determination of an
equity suit brought by defendant against plaintiffs and others, in
the state of Tennessee, to restrain the collection of said notes, de-
fendant appeals.  Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRA-
HAM, JJ.

S. L. Samuels, for appellant.
David Willcox, for respondents.

PER CURIAM.  It is altogether within the discretion of the
court to stay proceedings in an action here, when the same subject-
matter is in litigation between the same parties in the courts of an-
other state or country.  Many cases may arise in which that course
should be pursued, particularly where the foreign court first ac-
quired jurisdiction.  But in this case no sufficient or satisfactory
reason was given for staying the common-law action here until the
suit in equity can be disposed of in Tennessee.  The two notes sued
on were given by the defendant directly to the plaintiffs, as re-
ceivers, and they formed part of the consideration paid on the set-
tlement of transactions had between the defendant and the receiv-
ers of the co-partnership of Jaffray & Co.  The suit in Tennessee
was brought in anticipation of the maturity of those notes, and upon
allegations of the failure of consideration.  That it was begun to
forestall action here, and to compel the officers of this court to liti-
gate in a foreign jurisdiction, seems obvious.  What is alleged as
constituting a cause of action in the Tennessee suit, to entitle the
defendant to a decree for cancellation and surrender of the notes
which were sent by the plaintiffs to that state for collection, would
furnish, if true, a complete defense to the action pending here, and
no adequate reason is shown why this action should not proceed.
That is especially true in view of the delay of the defendant in mak-
ing this motion.  Issue was joined in this cause in April last.  It
was set down for trial as a preferred cause on June 11th.  This
motion was then made, and the trial is now fixed for the first day
of the term after the summer vacation.  It is to the interest of the
receivership and of the creditors that the question of the liability

of the defendant should be determined speedily. He has answered in the cause, and it is ready for trial. The court below was right in refusing to stay the trial, and the order is affirmed, with costs.