(15 App. Div. 615.)

## JAFFRAY et al. v. HUNTER.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

PAYMENT—PLEADING.

 A defense of payment is sufficiently pleaded by an answer which alleges that defendant, being indebted to plaintiffs, transferred his property to a trustee for them; that plaintiffs agreed to deduct $5,000 from said debt if defendant would take charge of and sell the goods so transferred; that defendant accordingly sold the goods, and transmitted the proceeds to plaintiffs, who failed to allow the $5,000, but applied all the proceeds to the whole of the original debt, which thus became fully paid; that plaintiffs never denied defendant's right to a credit of $5,000, but promised to allow it at some time; that defendant continued to deal with them in the expectation that he would obtain such credit; that afterwards defendant "was indebted" to plaintiffs in a certain sum, for which he gave his notes, including the two sued on, which were for .$2,500 each; and that he did not mention his claim to a credit at this time for fear that it would prevent him obtaining an extension on some of his commercial paper.

Appeal from trial term, New York county.

Transferred from First department.

Action by Howard S. Jaffray and others, as receivers of E. S. Jaffray & Co., against Edward Hunter, on two promissory notes. From a judgment entered on a verdict directed by the trial judge, on a motion by plaintiffs for judgment on the pleadings, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

S. L. Samuels, for appellant.

David Willcox, for respondents.

PER CURIAM. On April 19, 1895, the defendant made two notes. of $2,500, payable, one in January, and the other in February, of the following year, to the order of the receivers of E. S. Jaffray & Co.. The present action is brought to recover the amount of these notes.. The answer sets up a "defense and counterclaim," consisting substantially of the following facts: In December, 1891, the defendant was: indebted to E. S. Jaffray & Co. in the sum of $30,922, and to other creditors in large sums, whereupon he conveyed his goods, wares, and merchandise at Memphis, Tenn., to one T. J. Barchus, in trust to dis-. pose of the same for cash, and out of the proceeds to pay the debts. due to E. S. Jaffray & Co. and certain other creditors, and to pay the surplus, if there was any, to the defendant. Barchus, the assignee, sold the assigned property, and at the sale, or afterwards, E. S. Jaffray & Co. acquired it all. "E. S. Jaffray & Co. thereupon made an agreement with defendant, whereby he was to yield up the rights secured to him by the conveyance to Barchus, and was to consider his:

(defendant's) indebtedness to them as not discharged in whole or in part by said conveyance and the execution of the trust therein created, and was to take possession of said stock of goods, and sell the same, and out of the proceeds pay his said indebtedness to them; and, in consideration of his carrying out the contract, said E. S. Jaffray & Co. agreed to make him a deduction on said indebtedness of five thousand dollars." The defendant entered upon the execution of this contract, took possession of the goods, sold them, and transmitted the proceeds to E. S. Jaffray & Co., as well as the proceeds of the sales of other goods which they sent to him. Instead of applying his remittances so as to allow him the benefit of the deduction of $5,000, as agreed, they applied them to the payment of the whole of the original indebtedness of $30,292, with interest, which thus became fully paid about January 1, 1893. E. S. Jaffray & Co. have never denied the defendant's right to be credited with the said $5,000, "but promised to allow it to him at some indefinite time, on a settlement of his account, and defendant continued to deal with them in the expectation that he would obtain such credit." In March, 1895, the defendant was indebted to the firm in the sum of $22,849.83; and on April 19, 1895, he paid the receivers $849.83, and gave them promissory notes for $22,000, including the two notes in suit. He did not mention his claim to the credit of $5,000 at this time, for fear that it might prevent him from obtaining an extension on some of his commercial paper.

Such are the allegations which must be taken as true for the purposes of this appeal. It should be observed, however, that the plain meaning of the averment in subdivision 4 of the answer, to the effect that the defendant owed the firm $22,849.83 on March 25, 1895, is that this was the apparent indebtedness at that date, leaving out of consideration his claim that he had not received a credit of $5,000, to which he was entitled. The whole pleading must be read together, and the context shows that the pleader did not intend by this language to admit that $22,849.83 was then actually due. Thus considered, we are of the opinion that it presents a good defense of payment, which, if established upon the trial, would result in a defeat of the plaintiffs' claim. There was no consideration for the notes which were made to the receivers if the $5,000 of indebtedness which the notes represented had previously been paid. The effect of the agreement whereby the defendant took the property from the assignee, Barchus, sold it, and remitted the proceeds to E. S. Jaffray & Co., was to make his fulfillment of his part of the contract operate as a payment of $5,000 to the firm as soon as he had sent them $25,292, for they were to abate $5,000 from his original indebtedness to them, of $30,292, in consideration of the service which he thus rendered. In other words, he paid $5,000 of the debt by what he did at their instance and for their benefit under that contract. An executory agreement for the extinguishment of a debt had been fully executed, and the debt was thereby satisfied and discharged.

If the statement in the brief for the appellant is correct, to the effect that the facts alleged in this answer were all set out in a bill in equity in a Tennessee suit instituted by Mr. Hunter against the receivers,

and referred to upon a prior appeal in this case, it would seem that the sufficiency of the defense has already been judicially declared by the appellate division in the First department.   Jaffray v. Hunter, 8 App. Div. 316, 40 N. Y. Supp. 932.

Judgment reversed, and new trial granted, with costs to abide the event.